### LEACH v. SCARFF.

(Circuit Court, N. D. Illinois, E. D.   August 4, 1911.)

#### No. 28,540.

TRADE-MARKS AND TRADE-NAMES (§ 85*)—INFRINGEMENT—RIGHT TO RELIEF.
Complainant is not entitled to enjoin use by a competitor of such names as "Oil of Pine," "Virgin Oil of Pine (Pure)," or "Virgin Oil of Pine Compound (Pure)," though complainant's use of the names is original and fanciful as applied to his compound, where he is in the position of either perpetrating a fraud on the public by falsely claiming the presence of oil of pine as an ingredient, or claiming a trade-name in a mere proper pharmaceutical designation of the drug he seeks to protect.
[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 94; Dec. Dig. § 85.*]

In Equity. Suit by Sue S. Leach, as administratrix of W. A. Leach, against Fred W. Scarff. Judgment for defendant.

Buell & Abbey and Ellis B. Gregg, for complainant.
Wm. R. Rummler, for defendant.

KOHLSAAT, Circuit Judge.   Complainant's intestate brought this suit to restrain unfair competition and infringement of a trade-name. Pending the suit, W. A. Leach died, and the cause was duly revived. The bill alleges that Leach had in his lifetime, and for about 20 years before his death, prepared and sold a certain alleged remedy for various ills, such as coughs, colds, and affections of the mucous surface, under the name of "Oil of Pine," which name he claimed was origi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

nal and fanciful; that in 1905 he changed the name to "Virgin Oil of Pine (Pure)"; that in 1906 he further changed the name to "Virgin Oil of Pine Compound (Pure)"; that he advertised his remedy extensively under these names at great cost; that he did not use his own name, but only that of the compound; that he has acquired an exclusive right to use the said names as trade-names, and under the same has built up a large business.

It appears from the record that there is such an article as oil of pine, that complainant's article has no appreciable amount of any oil of pine in it, and that it is mainly liquified resin. It further appears that complainant has misrepresented as to his qualifications to prescribe for the ills for which he proclaims his compound a specific; that he was not a physician, as implied in the use of the term "Dr. Leach" in connection with his advertising; that his "camp for consumptives in the pine woods of Maine" was a pure fiction; and that the remedy was advertised ingenuously as reading matter, conveying the idea of some new discovery.

While complainant's use of the name is undoubtedly original and fanciful as applied to his compound, it yet describes an actual pharmaceutical article of trade, and is therefore descriptive. This being so, complainant confronts the dilemma either of perpetrating a fraud on the public by claiming the presence of any oil of pine as an ingredient on the one hand, or, on the other hand, of claiming a trade-name in the mere proper pharmaceutical designation of the drug or compound he seeks to protect. In either case, a court of equity is not open to him, nor is it to his administratrix, and the suit must be dismissed for want of equity.

The infringement complained of is plain and palpable, and does not commend itself to the court. Under the facts of the case, as now presented, however, the court can grant no relief.